UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

$153,115.00 UNITED STATES CURRENCY,

Defendant.

**DECISION AND ORDER**
21-CV-380S

## I. INTRODUCTION

Presently before this Court is the government's Motion to Strike Claimant Michael Easley's claim in this civil *in rem* forfeiture action brought under 28 U.S.C. §§ 1345 and 1355 (a). (Docket No. 10.) For the reasons stated below, the government's motion is granted, and Easley will be permitted to file an amended claim.

## II. BACKGROUND

On September 30, 2020, narcotics officers from the Buffalo Police Department executed a search warrant for Easley's residence and three of his vehicles. (Complaint, Docket No. 1, ¶ 4.) After a K-9 unit detected the scent of narcotics along the door seams of a black 2007 Chrysler 300 that was titled and registered to Easley, officers towed the vehicle to a Buffalo Police Department impound garage. (Id. ¶ 1, 3.)

On October 1, 2020, after obtaining a further search warrant for the 2007 Chrysler 300, Buffalo Police officers discovered and seized the $153,115 defendant currency. (Id. ¶¶ 1, 3.) Of the $153,115 seized, $117,616 was discovered in a cooler, and $35,499 was discovered in a small portable safe. (Id. ¶¶ 9, 10.) Officers also found one pound and 10 ounces of marijuana in 10 medium sized clear plastic bags in the cooler. (Id. ¶ 9.)

Law enforcement seized the defendant currency under 21 U.S.C. § 881 (a)(6) on the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance, as proceeds traceable to exchanges of controlled substances, or had otherwise been used to facilitate a violation of 21 U.S.C. Subchapter I of Chapter 13 §§ 801 et seq. (Id. ¶¶ 1, 3.) Upon seizure, the defendant currency was converted to a check and deposited into an account under the custody of the United States Marshals Service. (Id. ¶ 3.) Easley was arrested and charged with various state law narcotics offenses. (Id. ¶ 12.)

On December 18, 2020, Easley's lawyer, Franklin Pratcher, Esq., submitted a claim of ownership to the DEA on Easley's behalf to halt the administrative forfeiture proceedings and institute a judicial forfeiture action relating to the defendant currency. (Id. ¶ 16.) Easley's administrative claim denied that the currency was from an illegal source but did not include any supporting documentation. (Id.)

On March 11, 2021, the government initiated this proceeding seeking civil forfeiture of the defendant currency. (Docket No. 1.) It sent Easley's lawyer copies of the Verified Complaint for Forfeiture, Arrest Warrant *in rem*, and a Notice to Consent to Magistrate Judge by certified and regular mail. (Docket No. 3; Affidavit of Mary Clare Kane ("Kane Aff."), Docket No. 10, ¶ 4.) The Clerk of Court thereafter issued an arrest warrant *in rem*, which the United States Marshals Service executed on March 17, 2021. (Docket Nos. 4.) The government also published a Notice of Civil Forfeiture as required by Rule G (4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). (Docket No. 5.)

Because Easley received direct notice of the forfeiture action, his deadline for filing

a claim was April 23, 2021, with his answer due 21 days after the filing date of any claim. (See Docket 4; Kane Aff., ¶ 6.)  Easley did not file a claim or answer by the deadline.  But six days after the deadline, on April 29, 2021, Attorney Pratcher filed both a claim and answer on Easley's behalf.  (Docket Nos. 6, 7.)  In its entirety, the claim states as follows: "MICHAEL EASLEY is the owner of the property known as one hundred fifty-three thousand one hundred and fifteen [sic].  As such I have the right to make a claim for the currency as owner.  Therefore, MICHAEL EASLEY hereby claims that he has a possessory and ownership interest in the above-described currency."

On May 20, 2021, the government moved to strike Easley's claim as untimely and insufficiently detailed.  (Docket No. 10.)   Easley filed an affidavit in opposition on June 30, 2021, to which the government replied on July 8, 2021.  (Docket Nos. 14, 16.)  This Court thereafter took the government's motion under advisement without oral argument.

### III. DISCUSSION

The government argues that Easley's claim should be stricken because it is untimely and fails to adequately explain his claim of ownership.  In response, Attorney Pratcher attests that he failed to timely file Easley's claim because his office "was adversely impacted due to COVID-19 and other health related reasons of counsel and staff."  (Affidavit of Franklin Pratcher ("Pratcher Aff."), Docket No. 14, ¶ 5.)  No further explanation of these circumstances is provided.  Attorney Pratcher further attests, also without elaboration or explanation, that "Claimant has documentary proof of his legal interest in the property."  (Id. ¶ 12.)

To contest a forfeiture action, a claimant must have both constitutional and statutory standing.  See United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir.

1999).  Constitutional standing requires demonstration of a sufficient interest in the property to create a "case or controversy;" statutory standing requires compliance with all procedural requirements.  See United States v. 4492 S. Livonia Rd., 889 F.2d 1258, 1262 (2d Cir. 1989).  "While lack of statutory standing can be excused at the sound discretion of the trial judge, Article III standing is a prerequisite for a court to attain subject matter jurisdiction over a matter."  United States v. $138,381 in U.S. Currency, 240 F. Supp. 2d 465, 467 (W.D.N.Y. 2011).

Civil *in rem* forfeiture actions are governed by Rule G of the Supplemental Rules and the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983 et seq..  See United States v. Vazquez-Alvarez, 760 F.3d 193, 197 (W.D.N.Y. 2014).  Under these provisions, a claimant asserting an interest in defendant property must file a timely claim in the court where the action is pending and then, within 21 days, file either an answer or motion under Rule 12 of the Federal Rules of Civil Procedure.  See Rule G (5); 18 U.S.C. § 983 (a)(4).  Failure to comply with these provisions leaves a claimant's claim vulnerable to being stricken for lack of statutory standing.  See Cambio Exacto, S.A., 166 F.3d at 526 (finding lack of statutory standing where claimant failed to meet deadlines set forth in the Supplemental Rules); United States v. Any & All Funds on Deposit in Bank of Am. Account Number 004836378025, No. 14-CCV-1928 (TPG), 2015 WL 5173044, at *1 (S.D.N.Y. Sept. 3, 2015) ("Courts routinely strike claims in federal forfeiture actions where a claimant fails to comply with the deadlines provided by the Forfeiture Rules."); United States v. $27,601.00 U.S. Currency, 800 F. Supp. 2d 465, 467 (W.D.N.Y. 2011) ("Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be stricken for lack of statutory standing.")

Courts "routinely strike claims in federal forfeiture actions where a claimant fails to comply with the deadlines provided by the Forfeiture Rules.... [but] has the discretion to excuse a missed deadline if the claimant can show 'excusable neglect.'" United States v. $541,395.06 U.S. Currency, No. 10-CV-6555-CJS, 2012 WL 3614294, at *3 (W.D.N.Y. Aug. 21, 2012) (citations omitted).  The inquiry into whether a claimant has shown "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).  "An analysis of excusable neglect requires the Court to examine four factors including: the danger of prejudice to the non-movant, the length of the delay and its impact on proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  $541,395.06 U.S. Currency, 2012 WL 3614294, at *3.

Having considered these factors, this Court finds that Easley has demonstrated excusable neglect concerning the filing of his claim.  First, Easley would be severely prejudiced if his claim is stricken as he would forfeit his interest in a significant amount of money ($153,115).  Second, the delay here is only six days, and there is no indication that it prejudiced the government or meaningfully impacted the proceedings.  Third, Easley himself is not responsible for the delay, which is attributable to his lawyer.  While Attorney Pratcher failed to adequately explain specifically how the pandemic or his health concerns prevented him from timely filing Easley's claim, this Court will accept his representations as an officer of the court in the interests of moving this litigation along.  Finally, there is no indication, nor does the government argue, that there is any bad faith

in Easley's failure to meet his deadline. Accordingly, having found excusable neglect, this Court will not strike Easley's claim on timeliness grounds.

Turning next to the substance of Easley's claim, this Court finds that it fails to adequately state Easley's interest in the property, as required by Rule G (5)(a)(i)(B). Easley baldly claims that he "has a possessory and ownership interest" in the defendant currency without any explanation. This is insufficient under the Supplemental Rules. See United States v. $140,200 U.S. Currency, 2:15-cv-379-AKK, 2016 WL 2986232, at *2 (N.D. Ala. May 18, 2016) (striking claim that failed to explain ownership interest with specificity as deficient under Rule G and Rule 8 of the Federal Rules of Civil Procedure); United States v. 34,796.49, More or Less, in U.S. Currency, Civil Action No. 14-561-WS-B, 2015 WL 1643582, at *2 (S.D. Ala. Apr. 13, 2015) ("Substantial authority supports the Government's position that a forfeiture claimant must expound on the nature of his or her interest in the subject property with some specificity, rather than summarily declaring, "It's mine[.]"); United States v. $140,000 in U.S. Currency, Civil Action No. 09-3516, 2010 WL 1704966, at *4 (D.N.J. Apr. 26, 2010) (finding that "bald assertion of ownership" is insufficient under Supplemental Rule G (5)).

Accordingly, this Court will strike Easley's claim for failure to comply with Rule G (5)(a)(i)(B), but based on the representation that Easley has documentary proof of his legitimate interest in the defendant currency, this Court will permit Easley a period of 14 days in which to file an amended claim.

## IV. CONCLUSION

For the reasons stated above, the government's motion to strike Easley's claim will be granted, and Easley will be permitted a period of 14 days in which to file an amended

claim.

## V. ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Strike (Docket No. 10) is GRANTED.

FURTHER, that Claimant Easley must file an amended claim within 14 days of the entry date of this decision.

SO ORDERED.

Dated:	August 10, 2021
	Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge